By the Court, Bronson, J.
When one party to an action has been sworn to prove the loss of a written instrument, “ the adverse party may also be examined by the court on oath, to disprove such loss, and to account for such instrument.” (2 R. S. 406, § 74.) The defendant did not propose, on his own oath, to disprove the loss of the instrument in any other way than by denying that there ever had been such a receipt, and by stating facts inconsistent with the allegation that such a receipt had never existed. I think the referees were right in not allowing the defendant to answer the questions put to him by his counsel. The *174 plaintiff was not a competent witness upon the question whether such a receipt had ever been given. He could not be sworn until the original existence of the instrument had been satisfactorily established by other evidence; and when sworn, he could only be examined to the single question of loss. And it is upon the question of loss, and that only, that the defendant was authorized, by his own oath, to give rebutting evidence. The statute only authorizes his examination, “ to disprove such loss.” The additional words—“and to account for such instrument”—only express the same thing in a different form; or rather, point out the way in which the loss may be disproved—to wit, by accounting for it.
The evidence on one side is, to prove the loss; on the other, it is to disprove the loss. Both parties must begin with the assumption that the instrument did once exist. The usual evidence of loss is, that the party who had the paper has made diligent search for it in the proper place without being able to find it, or that it was destroyed by accident. The answer of the other party may be, that the instrument was delivered up to him to be cancelled, and was destroyed after it had ceased to be an obligatory contract.
When a man pays a note, it is not unusual to destroy the instrument, without taking any acquittance from the creditor. If the latter should afterwards attempt to recover the amount of the note, on proving the original existence and contents of the instrument, with the addition of his oiyn oath that it had been lost, it would be very proper to allow the defendant to answer the plaintiff on the question of loss, by accounting for the instrument. And in such a case, it may be that the defendant should be allowed to go somewhat beyond the most direct evidence to disprove the loss, and to state how it happened that the plaintiff consented to give up the note, to wit, that it had been paid; and that would, perhaps, open the inquiry, how and when was it paid? And then it would seem that the other party should be permitted to answer as to those matters. In this way cases may arise where there will be such a conflict in the *175 statements of the parties as to render it extremely difficult for the court—to whom, and not to the jury, the evidence of loss is addressed—to decide on the propriety of admitting, secondary evidence of the contents of the instrument. And if the parties are allowed to go so far as to speak of payment, the collateral question of loss, which properly belongs to the court, may become so intimately connected with other things, as to render it nearly or quite necessary to refer the whole matter to the jury.
But we intend to decide nothing concerning those points on the present occasion. I have only glanced at them, for the purpose of showing how difficulties may arise the moment the parties are heard beyond the most direct evidence to prove or disprove the loss of the instrument. We are asked in this case to go much farther than in the one which has been supposed. In the case of the paid note, the defendant admits the original existence of the instrument, and disproves the alleged loss, by showing how it came to be destroyed. But here, the defendant begins and ends with a denial of the original existence of the instrument. In that, he is not answering the plaintiff, but he is contradicting a disinterested witness by whom the original existence of the instrument had been proved before the plaintiff was or could be sworn. This would be allowing a party to the action, who is competent only in relation to collateral facts, to become a witness in his own favor upon the merits of the controversy. We ought, I think, to adhere closely to the statute, and only allow the defendant ££ to disprove such loss,” or what is the same thing, “ to account for such instrument.”
It is true, as was suggested at the bar, that the oath of one party that an instrument is lost, may contain an implication, more or less strong, that the instrument did once exist. But still, as the fact of existence must be first proved by other and competent testimony, it would, I think, be going too far to allow the other party to contradict that fact, under the -notion that it was but an answer to the inference of existence springing out of the proof of loss. *176 The question is undoubtedly one of considerable difficulty, but the best reflection I have been able to give to it has led to the conclusion -that the referees decided correctly.
Motion denied.(a)

 That as a general rule, the party, on questions of this sort, is prohibited from testifying as to the merits, see Adams v. Leland, (7 Pick. 62;) also the observations of Huston, J. in Wood, &c. v. Connell, (2 Whart. R. 542, 562.) Nor can his adversary, on cross-examination, compel him so to testify. (Vasse v. Mifflin, 4 Wash. C. C. R. 519, semble.)